Filed 10/31/14  P. v. Auguletto CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060982 |
| v. | (Super.Ct.No. SWF1301523) |
| DARIUS MERLE AUGULETTO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Judith C. Clark, Judge. Affirmed.

Alan S. Yockelson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Darius Merle Auguletto pled guilty to driving or taking a stolen vehicle (Veh. Code, § 10851, subd. (a); count 1); receiving a stolen vehicle (Pen. Code, § 496d, subd. (a); count 2); misdemeanor resisting a peace officer

1

(Pen. Code, § 148, subd. (a)(1); count 3); misdemeanor driving under the influence of alcohol or a controlled substance (Veh. Code, § 23152, subd. (a); count 4); and misdemeanor driving on a suspended license (Veh. Code, § 14601.2, subd. (a); count 5). Defendant also admitted that he had suffered one prior serious and violent felony strike conviction, to wit, a 1995 robbery within the meaning of Penal Code section 667, subdivisions (c) and (e)(1), and section 1170.12, subdivision (c)(1). In return, defendant was sentenced to a term of 32 months in state prison with credit for time served. Defendant appeals from the judgment, challenging the sentence or other matters occurring after the plea. We find no error and affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND[1]

On May 13, 2013, after confirming a truck defendant was driving had been reported stolen, an officer activated the lights of his patrol unit and attempted to make a vehicle stop. Defendant pulled the truck into a driveway, exited the vehicle, and fled, jumping over several fences. Defendant was eventually located in the backyard of a home. Following five pressure punctures for failing to follow the officer's directives, defendant was apprehended. Officers noted that defendant had displayed objective signs and symptoms of being under the influence of a controlled substance. Defendant later admitted that he had used methamphetamine within the last 48 hours.

---

[1] The factual background is taken from the probation report.

On June 28, 2013, a felony complaint was filed charging defendant with driving or taking a stolen vehicle (Veh. Code, § 10851, subd. (a); count 1); receiving a stolen vehicle (Pen. Code, § 496d, subd. (a); count 2); misdemeanor resisting a peace officer (Pen. Code, § 148, subd. (a)(1); count 3); misdemeanor driving under the influence of alcohol or a controlled substance (Veh. Code, § 23152, subd. (a); count 4); and misdemeanor driving on a suspended license (Veh. Code, § 14601.2, subd. (a); count 5). The complaint also alleged that defendant had suffered one prior serious and violent felony strike conviction, to wit, a 1995 robbery within the meaning of Penal Code section 667, subdivisions (c) and (e)(1), and section 1170.12, subdivision (c)(1).

On January 9, 2014, defendant pled guilty to all the charges and admitted the prior strike conviction allegation with a maximum lid of 32 months in state prison. The trial court also allowed defendant to file a motion to dismiss his prior strike conviction allegation pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). At that time, the court indicated, without any guarantees, that it would seriously consider striking defendant's prior strike conviction in light of its age and defendant's positive conduct during the intervening years. After directly examining defendant, the trial court found that defendant understood the nature of the charges and the consequences of the plea; that the plea was entered into freely, voluntarily, knowingly, and intelligently; and that there was a factual basis for his plea.

On February 5, 2014, defendant filed his *Romero* motion and documents in support of his motion.

The hearing on the *Romero* motion was heard on February 20, 2014. At that time, the court advised defendant of a possible conflict. The court noted that it may have handled defendant's prior 1995 robbery strike conviction, but that it had no memory of it. As such, the court offered to recuse itself; however, defendant chose to continue and waived any conflict. Thereafter, citing the age of the prior strike conviction and defendant having maintained sobriety and worked in a productive manner for a long period of time, the court struck defendant's prior strike conviction, finding him outside the scheme of the "Three Strikes" law. The court then agreed to continue the sentencing hearing to have defendant evaluated for possible participation in the Riverside Substance Abuse Treatment (RSAT) program.

On March 4, 2014, the court was informed that defendant had been rejected from the RSAT program due to his custodial behavior. The court noted its inclination to set aside the *Romero* decision in light of defendant's behavior. Defense counsel insisted the information before the court was hearsay at that time. As such, the court granted defendant's request to continue the matter to conduct additional research into defendant's behavior while in custody. The court indicated that should the information be presented in an admissible manner, the court would reconsider its *Romero* decision since defendant had not been sentenced yet and the court generally had discretion to revisit any sentencing within 180 days.

On March 28, 2014, following a discussion with the parties in chambers, the court was informed that defendant's disqualifying behavior included his possession of a shank,

4

his involvement in a jail fight, and getting himself booked into custody under a false name. In light of this information, the court, following argument from the parties, set aside its earlier *Romero* decision striking defendant's prior strike conviction, and finding defendant did not fall outside the spirit of the Three Strikes law. The court, thereafter, denied defendant probation and sentenced him to 32 months in state prison. The court awarded defendant a total of 190 days credit for time served.

On April 14, 2014, defendant filed a notice of appeal, challenging the sentence or other matters occurring after the plea.

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


McKINSTER
J.


MILLER
J.

6